## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

MARVIN TURNER,                          :
                                        :
                Plaintiff               :
                                        :
        VS.                             :
                                        :
Warden STEVE UPTON, *et al.*,           :       NO. 5:10-CV-502 (MTT)
                                        :
                Defendants              :
_____        :       **O R D E R**

Plaintiff **MARVIN TURNER**, formerly an inmate at the Georgia Diagnostic and

Classification Prison ("GD&CP") and presently confined at Hancock State Prison ("HSP"), has

filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff complains about conditions

of confinement at GD&CP, including his being held in the Special Management Unit and being

denied access to a law library.

Since filing his complaint, Plaintiff has filed a "Motion for a Preliminary Injunction" (Tab

# 15). Plaintiff seeks an injunction ordering Brian Owens, the Commissioner of the Georgia

Department of Corrections ("GDOC") and Glen Johnson, Warden of HSP: (1) to transfer

Plaintiff to Macon State Prison's general population; (2) to grant Plaintiff access to a law library;

and (3) to prevent future retaliation against Plaintiff.

A preliminary injunction is appropriate where the movant demonstrates that: (a) there is

a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to

prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary

injunction would cause to the non-movant; and (d) the preliminary injunction would not be averse to the public interest. ***Parker v. State Bd. of Pardons & Paroles***, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An "irreparable injury must be neither remote nor speculative, but actual and imminent." ***Siegel v. LePore***, 234 F.3d 1163, 1176 (11th Cir.2000).

Plaintiff does not have a constitutional right of transfer to another prison, ***Meachum v. Fano***, 427 U.S. 215, 225 (1976), and this Court lacks the power to direct GDOC officials to make such a transfer. Plaintiff's request for transfer therefore does not satisfy the first requirement for this Court to grant injunctive relief.

More fundamentally, Plaintiff's complaint raises issues related to conditions of confinement at GD&CP. Any claims for injunctive relief Plaintiff may have had with respect to such conditions were mooted by his transfer from GD&CP. ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986). On the other hand, all claims for injunctive relief arising out of Plaintiff's present confinement at HSP, which are the subject of his motion, are unrelated to the issues raised in his complaint. "[I]njunctive relief must relate in some fashion to the relief requested in the complaint." ***Alabama v. U.S. Army Corps of Engineers***, 424 F.3d 1117, 1134 (11th Cir. 2005).

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for injunctive relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

**SO RECOMMENDED**, this 31st day of May, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

cr