**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

|  |  |  |
|---|---|---|
| MARVIN TURNER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden STEVE UPTON, | : | |
| Deputy Wardens GLEN JOHNSON, | : | |
| POWELL, VICTORIA MALONE, | : | |
| SMU Manager EARNEST MINTZ, | : | |
| Chief Counselors WESLEY BAKER and | : | |
| GARY CALDWELL, Captain MICHAEL | : | |
| MOORE, GDOC Comm'r BRIAN | : | |
| OWENS, Counselors BENJAMIN | : | NO. 5:10-CV-502-MTT-CHW |
| MURPHY, RICKY FOSKEY, and | : | |
| HOOBLER, and Grievance Coordinator | : | |
| JAMES BROWN, | : | |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

*Pro se* Plaintiff **MARVIN TURNER**, currently an inmate at Ware State Prison, has filed a

*pro se* civil rights complaint under 42 U.S.C. § 1983.  He has complied with the Court's previous

order by filing a recast complaint against the above-named 13 Defendants.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening

of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2)

"seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims,

then the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir.

2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs

factual allegations were insufficient to support the alleged constitutional violation). *See also* 28

U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard

in section 1915A "shall" be dismissed on preliminary review).

## II.  DISCUSSION

Plaintiff's claims arise at Georgia Diagnostic & Classification Prison ("GD&CP"), where

it appears Plaintiff was confined from November 3, 2009 to February 2011.  Even under Plaintiff's

recast complaint, it is difficult for the Court to determine the exact nature of all claims Plaintiff

raises.  As best the Court can determine, Plaintiff's claims against the various Defendants are set

forth below.

### A.  Conspiracy to Retaliate

Plaintiff alleges that he was transferred from Georgia State Prison ("GSP") to GD&CP in

retaliation for his filing grievances at GSP.  According to Plaintiff, Defendant Steve Upton, the

Warden at GD&CP, participated in a conspiracy in connection with the retaliatory transfer.  The sole

facts alleged by Plaintiff to support the existence of this conspiracy are that the GSP Warden (not

named as a Defendant) contacted Upton and asked if Upton would allow Plaintiff to be housed at

GD&CP, to which Upton agreed.

Vague and general allegations of a state official's participation in a conspiracy are

insufficient to support such a conspiracy claim or to show a violation of section 1983. *Fullman v.*

*Graddick*, 739 F.2d 553 (11th Cir. 1984).  In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough simply to allege in the complaint that a conspiracy existed.

Plaintiff's allegations are insufficient to support a conspiracy to retaliate claim against Upton.  Plaintiff merely alleges that Upton agreed to house Plaintiff at GD&CP.  Plaintiff makes no suggestion that Upton was aware of Plaintiff filing grievances at GSP or any retaliatory motive on the part of the GSP Warden.

In light of the foregoing, it is **RECOMMENDED** that Plaintiff's conspiracy to retaliate claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B.  Grievance Claims

For many of his alleged violations, Plaintiff filed grievances and appeals within GD&CP. Plaintiff complains that Defendants Victoria Malone, James Brown, Counselor Hoobler, and Warden Upton improperly rejected Plaintiff's grievances or appeals.  As this Court stated in its prior Order:

> The Eleventh Circuit Court of Appeals has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.  ***Dunn v. Martin***, No. 04-03566,  2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); ***see also Baker v. Rexroad***, 159 Fed. Appx. 61, 62 (11th Cir. 2005).  Therefore, plaintiff's many grievance claims ... are simply not actionable under section 1983.  In his recast complaint, plaintiff should not raise grievance issues as claims.

It is therefore **RECOMMENDED** that Plaintiff's grievance related claims be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### C.  Access to Courts Claim

Plaintiff alleges that he was denied access to the courts while confined at GD&CP. Specifically, Plaintiff complains that he had no access to a law library and was only allowed to request two legal research documents per week.  Plaintiff claims that he was not able to attack his criminal conviction, that a state court civil rights action is "in limbo," and he notes the present action pending before this Court.

In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court stated that prisoners do not have unrestricted rights to law libraries, materials, and legal assistance.  Instead, quoting *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court found that prisoners are entitled to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis*, 518 U.S. at 351.  Access to a law library "is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts.  The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (citation omitted).

In order to assert a valid access to the courts claim, a section 1983 plaintiff must show actual injury resulting from the acts of the defendants. *Lewis*, 518 U.S. at 351.  An actual injury exists if

a direct appeal of conviction, a habeas petition, or a non-frivolous civil rights action implicating a basic constitutional right was frustrated or impeded. *Id.* at 353-54;  *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir.1998).  A plaintiff must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir.), *cert. denied*, 129 S. Ct. 104 (2008) (internal quotes and citations omitted)."COA denied"

Plaintiff has failed to state a valid access to courts claim.  Although Plaintiff may have been denied access to a law library, he was able to obtain two items of legal research per week.  More fundamentally, Plaintiff has failed to allege an actual injury.  Plaintiff was convicted in 1996 and has already unsuccessfully petitioned for habeas corpus relief. *See Turner v. Hall*, 1:99-cv-2749-MHS (N.D. Ga. Mar. 27, 2000) (District Court found Petitioner failed to state cognizable claim for habeas corpus relief and Eleventh Circuit Court of Appeals denied certificate of appealability).  In stating that his state court civil rights action is "in limbo," Plaintiff fails to allege sufficiently specific facts supporting an actual injury. *See Martin v. Davies*, 917 F.2d 336, 338 (7th Cir. 1990) (complaint must allege specific facts such as missed court dates or filing deadlines), *cert. denied*, 501 U.S. 1208 (1991).  Nor has Plaintiff been prejudiced or injured in any manner in maintaining the instant action.

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's access to courts claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### D.  Deprivation of Personal Property

Plaintiff summarily claims that his personal property was "confiscated" while he was at GD&CP.  Even assuming the facts as alleged by Plaintiff are true, neither negligent nor intentional deprivations of property by a state employee constitute due process violations if a meaningful post-deprivation remedy is available.  **Hudson v. Palmer**, 468 U.S. 517, 533 (1984);  **Daniels v. Williams**, 474 U.S. 327, 328 (1986).  Georgia tort law offers a remedy for prison officials' unlawful deprivation of an inmate's property. See O.C.G.A. § 51-10-1; **Byrd v. Stewart**, 811 F.2d 554, 555 n.1 (11th Cir. 1987).  Such a cause of action still remains available to Plaintiff.[1]  Because Plaintiff has adequate post-deprivation remedies available, he has failed to allege a violation of his Fourteenth Amendment rights.

In light of the foregoing, it is **RECOMMENDED** that Plaintiff's personal property claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

---

[1]  O.C.G.A. § 9-3-32 provides:  "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the right of action accrued."

### E.  Failure to Supervise

Plaintiff alleges that Defendants Brian Owens, Commissioner of the Georgia Department of Corrections, and Warden Upton failed to supervise and monitor their subordinates and failed to provide policies to prevent subordinate abuse.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted).  A supervisor may be liable only if he:  "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).  Plaintiff has not alleged any of the above prerequisites for supervisory liability.

It is accordingly **RECOMMENDED** that Plaintiff's failure to supervise claim be **DISMISSED**.  Because Plaintiff alleges no additional claims against Owens, it is further **RECOMMENDED** that he be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### F. Injunctive and Declaratory Relief

Among his remedies, Plaintiff seeks injunctive and declaratory relief. Said claims, however, were mooted by Plaintiff's transfer from GD&CP in February 2011. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir.1986). A transfer or a release of a prisoner from prison will generally moot that prisoner's claims for injunctive and declaratory relief. *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir.1984). Injunctive relief is "a prospective remedy, intended to prevent future injuries," *Adler v. Duval Cnty.*, 112 F.3d 1475, 1477 (11th Cir.1997), and, "as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." *Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir.2007) (citing *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985)).

In light of the foregoing, it is **RECOMMENDED** that Plaintiff's claims for injunctive and declaratory relief be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### G. Due Process and Eighth Amendment Claims

Plaintiff appears to allege that he was confined in the Special Management Unit ("SMU") for most of his stay at GD&CP. Plaintiff states that he was sometimes confined in a strip cell for days without clothes, heat, or bedding, and that he was subjected to "behavioral modification" and "paramilitary training." Plaintiff further states that he was not provided notice of the charges that

resulted in his being placed in SMU, that he was not allowed to present evidence on his behalf, and the Defendants failed to periodically review Plaintiff's confinement in SMU, all in violation of GD&CP policy.  Plaintiff alleges that all of the following individuals participated in Plaintiff's placement or retention in SMU:  Warden Steve Upton, Deputy Wardens Glen Johnson, Powell, and Victoria Malone,  SMU Manager Earnest Mintz, Captain Michael Moore, Chief Counselors Gary Caldwell and Wesley Baker, Counselors Benjamin Murphy, Ricky Foskey, and Hoobler, and Grievance Coordinator James Brown.

Construing the complaint liberally in favor of Plaintiff, as this Court is required to do at this early stage of the proceeding, the Court finds that Plaintiff has alleged colorable due process and Eighth Amendment claims against Defendants Upton, Johnson, Powell, Mintz, Malone, Moore, Caldwell, Baker, Murphy, Foskey, Brown, and Hoobler.  Thus, the Court will allow the complaint to proceed against these Defendants.

In light of the foregoing, it is hereby **ORDERED** that service be made on above Defendants, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

**DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served

and where (i.e., at what address), when service was made, and how service was accomplished (i.e.,

by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed

on behalf of the defendants from whom discovery is sought by the plaintiff.  The Defendants shall

not commence discovery until such time as an answer or dispositive motion has been filed.  Once

an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one

another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff,

a state/county prisoner, may be taken at any time during the time period hereinafter set out provided

prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit**

**to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules**

**of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall

be completed within 90 days of the date of filing of an answer or dispositive motion by the

defendant (whichever comes first) unless an extension is otherwise granted by the court upon a

showing of good cause therefor or a protective order is sought by the defendants and granted by the

court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the

date of filing of each Defendant's answer or dispositive motion (whichever comes first). The

scheduling of a trial may be advanced upon notification from the parties that no further discovery

is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained,</u> **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

<u>**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**</u>

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***.

Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 6th day of September, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge