IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARVIN TURNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVE UPTON, *Warden*, *et. al*, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO. 5:10-CV-502 (MTT) |

## ORDER

This matter is before the Court on United States Magistrate Judge Charles H. Weigle's recommendation to Deny the Plaintiff's Motion for Preliminary Injunction. (Doc. 16). The Plaintiff was confined in the Special Management Unit at the Georgia Diagnostic and Classification Prison ("GD&CP") when he filed this action. He was then transferred to the general population at Macon State Prison, and later to the Special Management Unit at Hancock State Prison. The Plaintiff seeks transfer back to Macon State Prison's general population, full access to a prison law library, and to prevent retaliation upon his return to Macon State Prison.

The Magistrate Judge recommended that the Motion be denied because the Plaintiff does not have a constitutional right to be transferred to another prison. Additionally, the Magistrate Judge stated that the Plaintiff's claims related to his confinement at GD&CP were mooted by his transfers. The Magistrate Judge also determined that the Plaintiff's claims for injunctive relief at Hancock State Prison were unrelated to issues raised in the Complaints. The Plaintiff filed an objection to the Recommendation. (Doc. 17). Pursuant to 28 U.S.C. § 636(b)(1), the Court has

thoroughly considered the Objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge with regard to the Plaintiff's request to be transferred to Macon State Prison, and his claims for injunctive relief with regard to conditions at GD&CP.

However, the Court does not accept the finding that the Plaintiff's claims for injunctive relief at Hancock State Prison are unrelated to the issues raised in the Complaints. In the Complaint and Amended Complaint, the Plaintiff sought a preliminary injunction to prevent the Defendants from hindering his access to a law library, and to set standards for the use of a Special Management Unit. In the Motion, the Plaintiff says he "is presently being redenied adequate and meaningful access to the law library and courts, and has again been unlawfully rehoused in a Special Management Unit at Hancock State Prison for the filing of the current civil lawsuit against the Ga. Dept. of Corrections and its staff." (Doc. 15-1, at 1-2). Thus, it is clear the injunctive relief relates to the issues raised in the Complaints.

Nevertheless, the Motion should be denied because the Plaintiff cannot establish the necessary elements for a preliminary injunction. A preliminary injunction is appropriate where the movant demonstrates that (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be averse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

The Plaintiff claims his placement in the Special Management Unit at Hancock State Prison was in retaliation for filing this action, but the facts do not support his assertion.  To establish a prima facie case of retaliation, a plaintiff must first establish that (1) he engaged in statutorily protected expression; (2) he was subsequently subjected to a materially adverse action; and (3) there was a causal link between the materially adverse action and his protected expression.  *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008).  With regard to the last prong, the Supreme Court requires causal links based on mere temporal proximity to be "very close" and approvingly cited circuit court decisions holding three- and four-month periods insufficient to establish a causal connection.  *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001).

Here, the Plaintiff filed this action December 28, 2010.  The Plaintiff alleges he was transferred to Macon State Prison March 1, 2011, and placed in the general population.  The Plaintiff alleges he was transferred to the Special Management Unit at Hancock State Prison May 5, 2011, for the Complaint filed December 28, 2010.  The Plaintiff does not allege transfer to the general population at Macon State Prison was materially adverse, and he even requests that relief in the Motion.  Here, the alleged materially adverse action was the Plaintiff's transfer to Hancock State Prison and placement in the Special Management Unit more than four months after he filed the Complaint.  This temporal proximity clearly is insufficient to establish a causal connection sufficient for a prima facie case of retaliation.  Thus, the Plaintiff has failed to show a substantial likelihood of success on the merits of his retaliation claim.

With regard to the Plaintiff's claims for access to a law library, "the inmate therefore must … demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

> [The Plaintiff] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* Here, the Plaintiff has failed to demonstrate a substantial likelihood of success on the merits because he has not shown how any alleged shortcomings have hindered his ability to pursue a legal claim. Indeed, the Plaintiff has been able to file a 100-page Complaint with exhibits, a Motion to Appoint Counsel, an Amended Complaint, and a Motion for Preliminary Injunction with cases to support his position.

Accordingly, the Motion is **DENIED**.

**SO ORDERED**, this the 4th day of October, 2011.

                                           S/ Marc T. Treadwell
                                           MARC T. TREADWELL, JUDGE
                                           UNITED STATES DISTRICT COURT