IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARVIN TURNER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:10-CV-502 (MTT) |
| | ) | |
| **STEVE UPTON**, *Warden*, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on the Plaintiff's petition for writ of habeas corpus ad testificandum and request for 13 witness subpoena forms.  (Docs. 93, 94-1).  The Court will not order the four witnesses requested by the Plaintiff to be brought to trial.

In accordance with Fed. R. Civ. P. 45, the Clerk will forward the subpoenas to the Plaintiff.  However, the Plaintiff must make appropriate arrangements if he intends to subpoena witnesses.  Fed. R. Civ. P. 45(b)(1) requires that when a trial subpoena is served, the serving party must tender "the fees for [one] day's attendance and the mileage allowed by law."  Currently, a witness is entitled to $40 per day plus the costs of round-trip transportation at $0.565 per mile.  18 U.S.C. § 1821(b).  Although the Plaintiff has been allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(b)(1), he is not entitled to the free use of the United States Marshal to effect service of a subpoena nor to an excusal from tendering the statutory fees due to a subpoenaed witness.  *Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (citing *Lloyd*

*v. McKendree*, 749 F.2d 705, 706-07 (11th Cir. 1985)).  It is the Plaintiff's obligation to arrange and pay for service of subpoenas, including service of the required statutory advance fees.

The Court advises the Parties that this case will be tried by a six-person jury. The Parties should bring all exhibits to trial rather than exchanging copies of exhibits in advance of trial.

**SO ORDERED**, this the 21st day of November, 2013.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT